# GEORGE A. STRAUSS *vs.* UNITED RAILWAYS AND ELECTRIC COMPANY.

*Injury to Passenger Standing in Open Electric Car by Unusual Jolt—Contributory Negligence a Question for the Jury.*

The plaintiff, a short man weighing 265 pounds, was a passenger on defendant's open electric street car and was sitting at the end of a cross seat when he first attempted, without success, by turning in his seat to signal the conductor to stop at the next street. Then he stood up and beckoned to the conductor. While so standing there was a sudden and unusual lurch of the car which threw the plaintiff off his balance and caused him to fall out. *Held*, that the question of plaintiff's contributory negligence should have been left to the finding of the jury, and it was error to instruct them that as the uncontradicted evidence shows that the accident was caused by contributory negligence of the plaintiff their verdict must be for the defendant.

Appeal from the Baltimore City Court (DOBLER, J.)

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*William Colton*, for the appellant.

*Robert Crain* and *Arthur L. Jackson*, for the apppellee.

PAGE, J., delivered the opinion of the Court.

This action was brought by the appellant to recover damages for injuries sustained by him resulting as is alleged, from the negligence of the appellee. The appellant is a physician, practicing his profession in the city of Baltimore. On the 6th of October, 1903, he boarded a car of the appellee, for transportation to his home. It was a summer car with open sides, and seats running cross wise. He took the end seat of the second bench on the side of the car next to the sidewalk, where there was no bar along the side.

Outside was a foot-board, as is usual in cars of that type.

He fell, or was thrown from the car and sustained the severe injuries for which he is now suing. The appellant at the time of the accident was forty-eight years of age, short of stature, and weighed two hundred and sixty-five pounds, but active and vigorous. The account given by himself of the happening of the accident was as follows: He testified that it was approaching midnight when he became a passenger on the car, he took a seat at the end of the bench next to the sidewalk; after the car had passed Conway street he wished to signal the conductor to stop at Barre street, that being the next crossing. "I turned around" he says, "sitting in my seat but the conductor did not recognize me, not seeing me, or looking at me. I got up and beckoned to him and whistled; as I did that, there was a sudden and unexpected and unusual lurch of the car, which threw me off my balance; I managed to grab the upright handle bars as I sank, but this arm being somewhat twisted in consequence of the position I was in, I was soon forced to let go, &c." That when he "got up and raised his hand," the car had just passed Conway street, 340 feet from Barre, the next stopping place. That when he whistled, "almost simultaneously" the car gave a sudden lurch and threw him off his balance, and forward as he caught himself at the upright bars, and it threw him off his feet. That the lurch was a sudden increase of the speed of the car. The testimony of the witnesses as to the lurch of the car was conflicting; some of the witnesses did not perceive any sudden or unusual lurch of the car. There was also conflict as to the appellant's conduct. One witness for defendant, Rev. Mr. Stephens, said that the appellant "was apparently backing out of his seat" and another witness testifies that the appellant on the day following said—"he stepped on the foot-board while it was in motion, before they got to the corner." Upon this testimony the Court instructed the jury that "as the uncontradicted evidence in the case shows that the accident was caused by the contributory negligence of the plaintiff, their verdict must be for the defendant," and upon the propriety of granting this prayer, arises the only question presented by

this record.  The prayer assumes the negligence of the appellee as one of the contributing causes of the accident, and therefore, the special matter for us to consider, is whether, upon the evidence contained in the record and substantially re-stated here, the case should have been submitted to the jury for its determination as to the alleged contributory negligence of the appellant.  The law applicable to a case of this kind is clear; unless there is some prominent and decisive act, in regard to which there is no room for ordinary minds to differ, the case should not be withdrawn from the jury.  *Winkelman and Brown's case*, 88 Md. 91.

And again when the nature of the act relied on to show contributory negligence can only be determined by considering all the circumstances attending the transaction, it is within the province of the jury to characterize it.  *Baker* v. *Md. Coal Co.*, 84 Md. 19; *Cook* v. *St. Ry. Co.*, 80 Md. 538.

The question of contributory negligence will not be taken from the jury unless the conduct of the plaintiff relied on as amounting in law to contributory negligence, is established by clear and uncontradicted evidence.  *Lake Roland Co.* v. *McKewen*, 80 Md. 593; *McMahon case*, 39 Md. 449.

In this case there is no such glaring act as of itself necessarily fixes upon the appellant the imputation of negligence. He took his seat in the place assigned for passengers; in a place where it was proper for him to be.  The act of standing was not *per se* improper.  In *Sharkey's case*, 84 Md. 168, this Court intimated that the appellant would not have been subject to adverse criticism, if he had "turned around inside the car either sitting or standing," to attract the attention of the conductor.  If the standing up of the appellant in this case was negligent at all, it could be only because the special circumstances existing at that time were such as to render that act imprudent and careless.  The appellee contends that it was careless because he stood so close to the edge of the car, that if anything occurred to cause him to lose his balance, he must have fallen outside the car and thereby received injury. But by the evidence, does it appear that on this point there

cannot be a difference of opinion among reasonable persons? The evidence in the record leaves open for discussion on this point, many matters. For instance, it is stated in the testimony that he turned in his seat and then rose to his feet. Whether he turned his back wholly or partly to the side of the car is left uncertain. If the manner in which he stood be not fixed by clear and uncontradicted evidence the Court cannot say, as a matter of law, that the appellant was guilty of contributory negligence. Again, what danger then existed, against which, by the exercise of ordinary care he ought to have guarded himself. He should not be required to predicate danger, unless there was something in the situation known to him, or which he could have known by the exercise of reasonable care, from which he was, or ought to have been warned of his peril. Here it seems, he stood up at the time the speed of the car was about to be increased. He should have known that when that happened certain irregularities of motion would be experienced. It cannot be doubted that he was reasonably prudent in taking an upright position as against the usual expected increase of speed. But the only evidence is that the lurch of the car was "sudden, unexpected and unusual." If the appellant was in a proper position, it would not be negligent that he did not anticipate the unusual violence of the lurch. *Cason's case*, 72 Md. 377. There was evidence tending to show that the lurch was caused by the increase of the speed of the car as it left the corner of the street, and that it was sudden, unexpected and unusual. Ought, or could the appellant have anticipated the lurch under the circumstances.

There was also some contradiction as to the conduct of the appellant. One witness testified that "he appeared to be backing out" of his seat. Another, that he was "in the act of getting out of the car," and also another, that on the day after the accident he said that "on that occasion he had stepped down to the foot-board of the car while it was in motion," and slipped. It might have been a question therefore before the jury, whether the appellant was still inside the car when he

fell or had slipped and fallen, in attempting to leave the car while it was still in motion. In view of these considerations it seems to be clear that the instruction was improperly granted, and therefore the judgment must be reversed.

*Judgment reversed and new trial awarded.*

(Decided June 22nd, 1905.)