## WM. T. BOOTH *vs.* THE McLEAN CONTRACTING COMPANY.

*Master and Servant—Evidence of Contributory Negligence Not Clear and Uncontradicted.*

Plaintiff was employed as a laborer in handling cars on a trestle as they were loaded with dirt from scows underneath. A hopper, or funnel, or covered structure, was over that part of the trestle where the dirt was raised from the scows and dumped into the cars. It was the duty of the plaintiff to receive the empty cars at the end of the trestle beyond the hopper, as they were pushed back after having been emptied, and then send them to the hopper on another track to be reloaded. On the occasion of the injury, to recover damages for which this suit was brought, one of the cars did not come back all the way through the hopper, and plaintiff went under the hopper, found the car off the track, replaced it on the track and was pushing it back to the end of the trestle when his hand was caught between the top of the car, where it was placed, and a joist of the hopper, and while so held, other cars were pushed against that car, causing plaintiff's hand to be crushed. There was evidence on the part of the plaintiff that it was his duty under these circumstances to go under the hopper, and that the car which caused the injury was higher than the other cars and was bent out of shape on top. The defendant's evidence was that plaintiff had been warned not to touch the cars until they had passed through the hopper or funnel. *Held*, that the evidence of plaintiff's contributory negligence is not so clear and uncontradicted as to authorize the Court to withdraw the case from the jury upon that ground.

*Decided June 24th, 1908.*

Appeal from the Superior Court of Baltimore (ELLIOTT, J.)

*Plaintiff's 2nd Prayer.*—If the jury find under all the circumstances testified to in this case, that the defendant in requiring the plaintiff as one of his duties, under his employment as testified to in this case, if the jury so find, to place the car on the elevated structure, or to otherwise handle said car, as testified to in this case, if the jury so find, exposed the plaintiff to a probable danger or risk which he had no reason to believe or know from the nature of his employment, he

would have to encounter; and if the jury further find that such danger or risk arose from causes hidden or secret, or such as would reasonably escape his observation, the defendant was bound to notify the plaintiff of such danger or risk, if the defendant knew or by the exercise of ordinary care ought to have known of such probable risk or danger.    (*Refused.*)

. *Plaintiff's 4th Prayer.*—If the jury find that on the fourth day of May, 1906, the plaintiff was in the employ of the defendant as a laborer, and if the jury further find that his duties as said laborer required the plaintiff to work upon a trestle or elevated structure, provided by the defendant; if the jury so find, and if the jury further find that the duties of the plaintiff in the course of his said employment required him to handle cars of the defendant on said trestle or elevated structure, and if the jury further find that said trestle or elevated structure in part was so constructed that in the course of the plaintiff's duties as aforesaid he was required to handle or operate said cars under an enclosure or hopper on said trestle or elevated structure, and if the jury further find that on the fourth day of May, 1906, that while the plaintiff was engaged in handling one of said cars under said enclosure or hopper, in the course of his duties as laborer, that his hand was caught and injured between the top of said car and a beam in said enclosure or hopper, and if the jury further find that the said car so being used at the time of said injury was unsafe for use for such work then being performed by the plaintiff, and if the jury further find that the plaintiff was so injured by reason of the unsafe condition of said car, and if the jury shall further find that the plaintiff was ignorant of the unsafe condition of said car, if they find the same was unsafe and could not by the use of ordinary care and prudence on his part have known of the same, and shall further find that at the time of said injury, if they find that the plaintiff was injured, the plaintiff was using due and ordinary care and caution on his part, then the verdict must be for the plaintiff in this case.    (*Refused.*)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE and WORTHINGTON, JJ.

*David Ash* and *Lee S. Meyer*, for the appellant.

*John E. Semmes, Jr.*, (with whom was *John E. Semmes* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This action was brought by the appellant to recover damages of the appellee, the McLean Contracting Company, a body corporate, engaged in the construction business, for personal injuries sustained by him while in the employment of the appellee company as a laborer.

The declaration contains three counts. The first charges negligence in the construction and maintenance of certain cars operated by the company. The second charges negligence in failing to furnish proper machinery and a properly constructed structure or trestle upon which to operate its cars. The third charges negligence in failing to furnish the appellant with a safe, suitable and properly lighted place in which to perform his work.

The questions brought to this Court for review relate to the rulings of the Court in the rejection of the plaintiff's prayers, and in the granting of the defendant's prayer, which instructed the jury that the plaintiff was guilty of contributory negligence, and by such negligence directly contributed to the accident in question and that their verdict must be for the defendant.

Assuming, then, the negligence of the defendant, the question is, were the facts and circumstances of the case so patent and plain as to have justified the Court in pronouncing them contributory negligence in law, and in withdrawing the case from the consideration of the jury.

The law is well settled in this State bearing upon this class of cases, and it is this, where the facts of a case are undisputed or where but one reasonable inference can be drawn from them, the question is one of law for the Court, but where the facts are left by the evidence in dispute, or where fair minds might draw different conclusions, the case should go to

the jury.    In other words, all the cases hold that unless there is some prominent and decisive act, in regard to the effect and character of which no room is left for ordinary minds to differ, Courts will not withdraw the case from the consideration of the jury.

In the case of *Gardner* v. *Michigan Central R. R. Co.*, 150 U. S. 359, the Supreme Court thus lays down the rule:   The question of negligence is one of law for the Court only where the facts are such that all reasonable men must draw the same conclusion from them.   A case should not be withdrrwn from the jury unless the conclusion follows as matter of law that no recovery can be had upon any view which can be properly taken of the facts, the evidence tends to establish.

All of the cases in this State hold that Courts should never assume the responsibility of withdrawing a case from the jury, unless the case is a very clear one and presents some prominent and decisive act, in regard to the effect and character of whieh no room is left for ordinary minds to differ.

Where a doubt exists as to whether the conduct of the plaintiff under all the facts and circumstances constitutes such contributary negligence as should prevent him from recovering, ths question is one of fact to be determined by the jury.

In the case at bar the sole question for our consideration is whether or not the Court committed an error in granting the defendant's prayer, which withdrew the case from the jury because of the alleged contributory negligence on the part of the plaintiff.

In this case the question of negligence *vel non* of the defendant is not an issue, because the prayer granted at the instance of the defendant, assumes the negligence of the appellee as one of the contributory causes of the accident.    In *Strauss* v. *United Rys. Co.*, 101 Md. 498, it is said:   The prayer assumes the negligence of the appellee as one of the contributory causes of the accident and, therefore, the special matter for us to consider, is whether upon the evidence contained in the record and substantially restated here, the case should have been submitted to the jury for its determination as to the alleged contributory negligence of the appellant.

The law applicable to this character of case is clear and well settled. In *Vonderhorst Brewing Co.* v. *Amrhine*, 98 Md. 414, this Court said, if there was no primary negligence on the part of the defendants, there could be no contributory negligence on the part of the plaintiff. Contributory negligence necessarily pre-supposes primary negligence, which would of itself sustain an action but for the concurrence of the contributory negligence.

In the case of *Cooke* v. *Street Railway Company*, 80 Md. 558, it is said, where the nature and attributes of the act relied on to show negligence contributing to the injury can only be correctly determined by considering all the attending circumstances of the transaction, it falls within the province of the jury to pass upon and characterize it and it is not for the Court to determine its quality as matter of law. *Strauss* v. *United Rwy. Co.*, 101 Md. 499.

The question of contributory negligence in the case now before us, is not free from difficulty and doubt, and such being the case, it was a question of fact to be determined, by the jury, and not by the Court.

Unless the conduct of the plaintiff relied upon as amounting in law to contributory negligence is established by clear and uncontradicted evidence, the case will not be withdrawn from the jury.

At the time of the accident, the plaintiff was employed by the defendant company, as a laborer, at Riverside, Baltimore County.

There was a direct conflict between the evidence on the part of the plaintiff and that on behalf of the defendant as to the plaintiff's duties in respect to the work he was employed to do.

The appellee company was engaged in the construction business, and was at the time of the accident unloading dirt from scows in the river, by means of cars, loaded from and through a hopper. The dirt was raised from the scows by a derrick and dropped in a hopper supported by a trestle. The empty cars were placed under the hopper, loaded and carried away.

The cars were then pushed by men to the dump and emptied. They would then be sent back or returned to be reloaded under the hopper.    The plaintiff was at work on a trestle or structure, on which the cars were operated, and while attempting to put one of the empty cars on the track and push it through the tunnel, under the hopper, had his hand caught between the joist under the hopper and the top of the car, and was severely injured.

The plaintiff testified upon this subject as follows:

Q. When in this position what did your duties require you to do ?

A. I was supposed to receive these cars and take them back, and I received one car as they filled them and leave one car up, as they filled them, I leave them down to the hopper and the man at the other end receives them and leaves them out.

Q. Explain how you would do this work?

A. I would have to go underneath there and go across and pull them through.

Q. How did you pull them through ?

A. Just catch hold of the car at the top and pull them through and check them until the five came through.

He further testified that while it was his duty to receive the cars, and take one car and push it back for loading, it was also his duty to go under the hopper to receive the cars and bring them out and keep the track clear.    And in answer to the question: ''You don't know then what put it off the track,'' he answered, ''I don't know what put it off, I found it off, and it was my place to put it on.''    He also testified that he was not warned by the superintendent from going under the hopper, because ''that was where I was bound to go in there, that was my place;'' that when the cars didn't go through, it was his duty to go and bring them through.

The testimony on the part of the appellee company was to the effect, that the plaintiff was employed ''to attend to the cars,'' and his duty was to receive the cars after they came through the tunnel and have them loaded, and he was warned not to touch them until they were clear of the hopper.  There was other evidence on the part of the plaintiff and defendant at the trial in the Court below, but from an examination of the

record it clearly appears that there is a direct conflict in the testimony as to the main facts of the case, and this being so, the question of contributory negligence on the part of the plaintiff was one of fact to be determined by a jury.

The danger to which the accident is attributed was not one which the plaintiff should have been required to look out for and avoid, but one that he had every right to expect that proper precaution on the part of the appellee had been adopted to avoid.

Assuming the theory of the plaintiff's case to be supported by the evidence if the car causing the injury had been in a good condition, or the roof between the car and the first joist had been higher, the accident would not have occurred.

We fail to find in the evidence any prominent and decisive act on the part of the plaintiff which authorized the Court to withdraw the case from the jury. The testimony of the plaintiff and his witnesses was more or less contradicted by the evidence submitted on the part of the appellee, but this contradiction did not justify the Court in declaring the conduct of the plaintift contributory negligence *per se*. On the contrary, all the cases hold, that the Court should in no case take the question of negligence from the jury, unless the conduct of the plaintiff relied on as amounting in law to contributory negligence is established by clear and uncontradicted evidence.

We are therefore of the opinion that this case should have been submitted to the jury, and for the error in granting the defendant's prayer which instructed the jury that the plaintiff was guilty of contributory negligence and their verdict must be for the defendant, the judgment will be reversed and a new trial awarded.

The plaintiff' prayers appear to be free from objection and properly presented the law, as applicable to the plaintiff's theory of the case.

*Judgment reversed and new trial awarded with costs.*